Therefore, it is hereby ORDERED that this case is remanded to the bankruptcy court for explanation of those portions of the June 18, 1987, bankruptcy order denying debtors a discharge in bankruptcy based upon the debtors' actions regarding *corporate* assets.

**Merrill Stanley ROSE and Ida Bercovitz Rose, Defendants/Appellants,**

v.

**UNITED STATES of America, Plaintiff/Appellee.**

No. 87–0823–CV–W–9.

United States District Court, W.D. Missouri, W.D.

April 28, 1988.

Judith Strong, Asst. U.S. Atty., Kansas City, Mo., for plaintiff/appellee.

John R. Campbell, Jr., Kansas City, Mo., for defendants/appellants.

**In the Matter of Gerald Dwain STEWARD and Donna Flo Steward, Debtors.**

**TRI–COUNTY STATE BANK, Plaintiff,**

v.

**Gerald Dwain STEWARD, Donna Flo Steward and Sac River Valley Bank, Defendants.**

Bankruptcy No. 87–04081–SW–12.
Adv. No. 88–0042–SW–12.

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

March 22, 1988.

ORDER REMANDING CASE

BARTLETT, District Judge.

Merrill and Ida Rose appeal from the June 18, 1987, order denying them a discharge in bankruptcy. Several portions of that order are based upon violations of 11 U.S.C. § 727(a)(2) and seem to be premised on the assumption that the debtors' action regarding *corporate* assets can constitute a basis for denial of discharge of individual debtors. This assumption seems inconsistent with 11 U.S.C. § 727(a)(2) which provides as follows:

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—